IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

---

T.B by his next of friend, mother, )
Camille Berkley, and father, Curtis Berkley )
Individually. )
)
Plaintiff, )
)
v. )
) Civil Action No.
)
Knox County School District, )
)
Defendant. )

---

## COMPLAINT

---

### I. PRELIMINARY STATEMENT

1. This is an action by T.B., a thirteen-year-old student with Attention-deficit/hyperactivity disorder who is being schooled in Knox County public middle School in Knoxville Tennessee Known as Halls Elementary School. T.B. seeks protection against and damages for retaliatory action taken by Knox County School District in response to his federally protected complaint to the District and to the United States Department of Education's Office of Civil Rights (OCR).

2. The District's actions, set forth more fully herein violate section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and Title II of the Americans with Disabilities Act (ADA, ADA-AA), 42 U.S.C. §12131.

3. For relief, Plaintiffs seek injunctive remedy of non-retaliation, compensatory damages for the significant emotional and financial harm caused by the District, and punitive damages for the District's retaliation for the Plaintiffs' exercise of federally guaranteed rights, along with attorneys' fees and costs.

## II.　　PLAINTIFF

4. Plaintiff, T.B. a thirteen-year-old student, who lives in Knoxville Tennessee, which is in the Knox County School District.

5. Camille Berkley and Curtis Berkley who are T.B.'s parents.

## III.　　DEFENDANT

6. Defendant, Knox County School District, is a local school district organized under the laws of Tennessee. It is a local education authority, and it is responsible for avoiding discrimination on the basis of disability, for providing related aids and services to students with disabilities, for complying with Tennessee law, including Tenn. Code Ann. §49-5-415 for diabetes, and for resisting retaliation against persons who make good faith complaints of discrimination/retaliation/failure to accommodate.

7. The District is bound by the Americans with Disabilities Act,1 and its amendments, as well as section 504 of the Rehabilitation Act.2

## IV.　　JURISDICTION

8. Jurisdiction is conferred upon this court by 28 U.S.C §1331 and § 1343, in that this is an action arising under the laws of the United States.

9. This action also arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq.,

amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, which, at Title II of the ADA, prohibits discrimination in the provision of public services. Section 202 of the Act, 42 U.S.C. §12132 (Supp.1991), the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C.A. §§794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA. Both the ADA and §504 prohibit retaliation against persons with disabilities, or persons who advocate on behalf of a student's education or who have filed a complaint with the Office of Civil Rights (OCR).

10. Venue is appropriate in this court under 28 U.S.C § 1391(b); this claim having arisen within the Eastern District of Tennessee, and the Defendant is subject to personal jurisdiction.

## V. LEGAL AND FACTUAL BASES FOR THIS LAWSUIT

11. Cast in negative terms, Section 504 of the Rehabilitation Act, 29 U.S.C § 794, bars all federally funded entities (governmental or otherwise) from discriminating on the basis of disability. Section 504 states, in relevant part:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a)

12. Defendant School System receives federal financial assistance and is covered by Section 504.

13. The Americans with Disabilities Act of 1990, at 42 U.S.C. § 12132, with its Amendments effective January 1, 2009, extends the nondiscrimination rule of section 504 of the Rehabilitation Act to services provided by any "public entity" (without regard to whether the entity is a recipient of federal funds).

14. Title II of the ADA prohibits discrimination in the provision of public services. Section 202 of the Act, 42 U.S.C. § 12132 (Supp.1991), provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

15. Both 504 and the ADA prohibit retaliation against any person who has advocated on behalf of a child's education, or participated in a proceeding concerning the child's education.

16. Plaintiff T.B. has Attention-deficit/hyperactivity disorder (ADHD) which is a mental disorder where the individual is not able to focus, and the individual experiences impulsivity. ADHD is considered a chronic and debilitating disorder.

17. Due to T.B's conditions, Plaintiff T.B. is "disabled," owing to the substantial limitations to his brain function (a "Major Life Activity") caused by his ADHD, as well as the substantial limitations to, *inter alia*, his major life activity of learning, concentrating, thinking, and reading caused by his ADHD. 42 U.S.C. 12102(1).

18. Accordingly, Plaintiff T.B. needs various reasonable accommodations in the school setting, including a seat in an area free of distractions, additional rest time or materials, multi-sensory materials, an extra set of books for home, note takers, study guides, tech

organizational skills, short term feedback, extended time on homework, assignments, and tests.

19. In August of 2021 T.B's parents Camille and Curtis Berkley aged in protected activity under the ADA-AA and section 504. They complained, internally to the District, and externally to the Office of Civil Rights (OCR), that the District was engaging in discrimination against their son, T.B., on the basis of her disabilities. The complaint of discrimination included the following.

    a. The District refused to place T.B. in the honor classes in which he qualified for until T.B.'s Parents contacted the school and inquired about the reasoning of T.B. Not being Placed in honors classes. The District stated T.B. would not be a good fit for these classes because of his ADHD.

    b. A teacher singling T.B out in front of the class about his disability and her stating "it was not her job to check in with him, but for him to check in with her" in reference to his binder to take home for studying with his parents;

    c. The District did not give T.B. an honors award which any student who has over a GPA of 3.75, while T.B. had over a 3.75.

    d. The District did not adhere to T.B.'s 504 plan that the district had put in place through testing by giving T.B. his extra allotted time.

    e. T.B. inquired to a teacher about his seating, as per his 504 plan, during testing and she stated to him "No! You do not get that." Which further humiliated and embarrassed the child in front of his peers, which led to ridicule of his disability by classmates and questioning.

    f.   The district still has not complied with the 504 plan after being brought to their attention.

20. Plaintiffs continue to fear that the District will take further retaliatory action against them due, in part to the actions still taken against T.B.

21. Plaintiffs now file this suit in this United States District Court to address Defendant's retaliatory actions against these Plaintiffs.

### VI.   LEGAL CAUSES OF ACTION

22. The foregoing paragraphs are incorporated herein.

23. Based thereon, Plaintiffs bring the following legal causes of action against the District:

    a.   Retaliation under Section 504 of the Rehabilitation Act;

    b.   Retaliation under Title II of the ADA/ADA-AA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this honorable court;

1. That this Court assume jurisdiction.

2. That this court issue an injunction enjoying the Defendant from continuing its unlawful discrimination against persons with disabilities.

3. This Court award Plaintiff appropriate attorney's fees, including expenses and costs of such suite, as provided by 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

4. This court may award the Plaintiffs such other additional proper relief as may be just and equitable.

5. A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

_____

**John L. Haupt III**
Attorney for the Plaintiff
8001 Conner Rd Suite A3
Powell, TN 37849
(P)(865)313-6039
(E) jhauptlaw@gmail.com
BPR #037676

Dated: 2/27/23